| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>------------------------------------------------------------<br>In Re:<br><br>**JOANNE D. SCHULTER a/k/a**<br>**JOANNE D. BEVILACQUIA**,<br><br>                Debtor.<br>------------------------------------------------------------<br>**ROBERT L. GELTZER**, as Trustee for the<br>Estate of **JOANNE D. SCHULTER a/k/a**<br>**JOANNE D. BEVILACQUIA**,<br><br>                Plaintiff,<br><br>    -against-<br><br>**ANTONIO BEVILACQUA**,<br><br>               Defendant.<br>------------------------------------------------------------ | Return Date: March 10, 2016<br>Time: 3:00 p.m.<br><br>**Chapter 7**<br><br>Case No. 14-43538 (NHL)<br><br><br><br><br><br><br><br><br>Adv. Pro. No. 15-01176 (NHL) |

**MOTION FOR AN ORDER IMPOSING SANCTIONS AGAINST
ANTONIO BEVILACQUA PURSUANT TO RULE 9011 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE**

TO:    THE HONORABLE NANCY H. LORD,
        <u>UNITED STATES BANKRUPTCY JUDGE</u>:

<u>PRELIMINARY STATEMENT</u>

        Robert L. Geltzer, chapter 7 trustee (the "Trustee") of the estate of Joanne D. Schulter a/k/a Joanne D. Bevilacquia, the debtor (the "Debtor"), by and through his undersigned counsel hereby moves for an order to assess sanctions upon the defendant, Antonio Bevilacqua, ("Bevilacqua"), under Rule 9011 of the Federal Rules of Bankruptcy Procedure (the "Rules"). The Trustee asserts that: (i) Bevilacqua filed his counterclaims for an improper purpose; (ii) Bevilacqua's counterclaims are not warranted by existing law; (iii) Bevilacqua's factual contentions lack evidentiary support; and (iv) Bevilacqua's denials of factual contentions are not warranted on the evidence; accordingly, such actions undertaken by Bevilacqua expose him to

sanctions under Rule 9011.

## **BACKGROUND**

1. On or about July 11, 2014 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of Title 11 of the Bankruptcy Code with this Court.

2. On or about July 11, 2014, Robert L. Geltzer, Esq. was appointed by the Office of the United States Trustee as interim trustee of the Debtor's estate pursuant to § 701, and pursuant to § 702(d) of the United States Bankruptcy Code thereafter became permanent Trustee by operation of law, and is serving as such.

3. Upon information and belief, according to New York City Department of Finance, Office of the City Register, in October 2004, the Debtor purchased certain real property located at 218 Beacon Avenue, Staten Island, New York 10306; Block: 939, Lots: 251 and 252 (the "Property") from Louis Mangone.

4. Upon information and belief, according to New York City Department of Finance, Office of the City Register, in October 2012, the Debtor transferred a one-half interest in the Property (the "Transfer") to her then husband, Bevilacqua, who resides at the Property.

5. Upon information and belief, the Debtor and Defendant were divorced pursuant to an April 19, 2013 Judgment of Divorce.

6. At the time of the Transfer, according to New York City Market Value History Report, the Property is believed to have had an approximate market value of $629,000.00, to which mortgages of approximately $490,000.00 attached, leaving equity of approximately $139,000.00, one-half of which, i.e., $69,500.00, was transferred to Bevilacqua for no consideration, and must be recovered by Trustee for the benefit of creditors.

7. Whereupon, on or about October 7, 2015, the Trustee commenced the

instant adversary proceeding against Bevilacqua pursuant to Sections 101, 363, 548, 550 and 551 of the Bankruptcy Code; and the general common law of the State of New York seeking: (i) to avoid what the Trustee, upon information and belief, alleges to be a fraudulent conveyance made by the Debtor to Bevilacqua, the former husband of the Debtor, in connection with the transfer of the Property; (ii) to recover from Bevilacqua the value of the Transfer, alleged to be a fraudulent transfer; and (iii) a judgment in favor of the Trustee and against Bevilacqua permitting the Trustee to sell the Property free of the interest of Bevilacqua with such interest to attach to the net proceeds of sale (the "Complaint").

8. On December 3, 2015, the Trustee was served with Bevilacqua's Answer to the Amended Complaint and Counterclaims (the "Counterclaims").

9. The Counterclaims allege, in pertinent part, that:

32. The position of the plaintiff on this matter is not substantially justified. This case was filed for purposes of the willful and malicious injury to debtor and debtor's ex-husband. Debtor used her ex-husband's (Defendant's) money as down payment to purchase home. Trustee was informed. Debtor satisfied mortgage note by transferring deed to Defendant. The frivolous complaint was filed deliberately, knowingly, and without just cause or excuse and trustee should be removed under 11 U.S.C.A. Section 324. . . ;

34. That the trustee action in causing the preparation, issuance, service, and delivery of the Complaint for fraudulent conveyance was effected with full knowledge that that the debtor was not left insolvent and Robert Geltzer nevertheless wrongfully and maliciously and with intent to injure and harass debtor and her ex-husband caused service of the complaint.

> 32.[1]   That by reason of Robert L. Geltzer's abuse of
> process, debtor and her ex-husband are compelled
> to expend time and money for defense of this case
> together with exemplary damages in the sum of
> $1,200,000.

10.   At the initial pre-trial conference in connection with the Complaint held on December 15, 2015 (the "Hearing"), the Trustee and Bevilacqua appeared and were heard. The Trustee stated that, among other things, the Counterclaims asserted by Bevilacqua: (a) were frivolous; (b) were harassing; (c) will increase the costs of litigation; (d) will cause unnecessary delay; (e) were not warranted by existing law; and (f) had no evidentiary support. Thus, they expose Bevilacqua to the extant Rule 9011 motion for sanctions.

11.   Additionally at the Hearing, the Trustee offered Bevilacqua the opportunity to withdraw the Counterclaims on the record; Bevilacqua refused to do so, and has not done so.

12.   Additionally at the Hearing, the Trustee offered Bevilacqua the opportunity to file an amended Answer withdrawing the Counterclaims; Bevilacqua refused to do so, and has not done so.

13.   Additionally at the Hearing, the Court explained in detail and on more than one occasion to Bevilacqua, that the Trustee was properly discharging his fiduciary duties in bringing the Complaint. Still, Bevilacqua refused to withdraw the Counterclaims.

14.   Subsequent to the Hearing, on December 17, 2015, the Trustee sent a letter (annexed hereto as Exhibit "A") to Bevilacqua advising him that, among other things, if he did not withdraw the Counterclaims, the Trustee would move for sanctions against him. Bevilacqua has failed to withdraw the Counterclaims, and thus, the extant motion.

---

[1] Bevilacqua's Counterclaims include two paragraphs numbered 32.

15. Given that Bevilacqua refused to withdraw the Counterclaims, on or about December 17, 2015, the Trustee filed a reply to the Counterclaims.

16. Moreover, and most recently, on this date, the Trustee received Bevilacqua's January 4, 2016 letter with attachments; the letter stated in part that: "<u>My counterclaim stands I will not withdrraw [sic] it for all the same reasons you recite in your letter</u>" [emphasis added]. Thus, he makes it indubitably clear that he elects to persist in his Counterclaims in violation of Rule 9011(b).

## **LEGAL ARGUMENT**

### **THE IMPOSITION OF SANCTIONS AGAINST BEVILACQUA IS WARRANTED PURSUANT TO RULE 9011(b)**

17. <u>RULE 9011(b) PROVIDES</u>:

> (b) *Representations to the Court*. By presenting to the court (whether by signing, filing, submitting, or later advocating) a . . . pleading . . . an . . . unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> > (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> >
> > (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> >
> > (4) the denials of factual contentions are warranted

> on the evidence or, if specifically so identified, are
> reasonably based on lack of information or belief.

18. Rule 9011 parallels Rule 11 of the Federal Rules of Civil Procedure. Rule 11 "establishes an objective standard, intended to eliminate any 'empty-head pure-heart justification for patently frivolous arguments." FED.R.CIV.P.11 advisory committee note (1993).

19. RULE 9011 APPLIES TO PRO SE LITIGANTS

In Sieverding v. Colorado Bar Ass'n, No. 02-M-1950, 2003 U.S. Dist. LEXIS 18469, at *47-48 (D. Colo. Oct 14, 2003) the court stated that:

> Even though *pro se* litigants may not have the training and
> resources of an attorney, they nevertheless must comply
> with Rule 11 and make a reasonable inquiry as to whether a
> complaint is well-grounded in fact and warranted by
> existing law. . . . A good faith belief in the merit of an
> argument is not sufficient; the attorney's [or the party's]
> belief must also be in accord with what a reasonable,
> competent attorney would believe under the circumstances
> (internal citations omitted).

20. "[S]tatus as a pro se litigant may be taken into account, but sanctions can be imposed for any suit that is frivolous." Vukadinovich v. McCarthy, 901 F.2d 1439, 1445 (7th Cir. 1990); Carmen v. Treat, 7 F.3d 1379, 1382 (8th Cir. 1993) (court dismissed pro se litigant's action "with prejudice as a [Rule 11] sanction for ignoring the district court's repeated warnings and for failing to provide any evidence substantiating the allegations in his motion. . . ."); Searcy v. Houston Lighting & Power Co., 907 F.2d 562 (5th Cir. 1990) (court affirmed $109,335.30 sanction against pro se plaintiff).

## THE TRUSTEE SEEKS SANCTIONS UNDER SUBSECTIONS 9011(b)(1), (2), (3) AND/OR (4) BECAUSE THERE ARE AMPLE BASES TO CONCLUDE THAT BEVILACQUA'S COUNTERCLAIMS:

21. As set forth in detail below, there is nothing to show, and Bevilacqua has not even alleged, that he made any "reasonable inquiry" in connection with his frivolous Counterclaims.

22. **Bevilacqua Filed the Counterclaims for an "Improper Purpose" in Violation of Rule 9011(b)(1) because:**

    (a) it is harassing to state untruthfully and without investigation and basis that the "case was filed for purposes of willful and malicious injury to the debtor and debtor's ex-husband";

    (b) it is harassing to seek removal of the Trustee under § 324 of the Bankruptcy Code for no legitimate reason and without any investigation and basis for doing so;

    (c) it is harassing to file a false claim against the Trustee for exemplary damages in the sum of $1.2 million for filing the Complaint and to do so without complying with the law; and

    (d) such "improper purpose[s]" on Bevilacqua's part "needlessly increase[s] the cost of litigation."

23. In the instant case, sanctions are mandated inasmuch as Bevilacqua filed the Counterclaims for an improper purpose. It has been held that "[t]he purpose of Rule 11 is to deter abusive or frivolous litigation." Granville Gold Trust-Switzerland v. Commissione Del Fullimento/Inter Change Bank, 924 F. Supp. 397, aff'd, 111 F.3d 123 (2d Cir. 1997) (citing to Murphy v. Cuomo, 913 F. Supp. 671, 682 (N.D.N.Y. 1996)). "The real purpose of Rule 11 is to deter 'abusive pleading and motion tactics'", Baranski v. Serhant, 106 F.R.D. 247 (N.D. Ill. 1985).

24. Bevilacqua's Counterclaims serve no purpose but to seek to bully the Trustee

into withdrawing the Complaint, and to increasing the costs of litigation.

25. To include an improper claim for damages in the amount of $1.2 million against the Trustee in violation of the *Barton Doctrine* (discussed below), and state that the Trustee had the intent to "injure and harass the debtor and ex-husband" serves no purpose other than to seek to harass the Trustee, and attempt to force him to withdraw the Complaint.

26. To include an improper claim that the "trustee should be removed under 11 U.S.C.A. Section 324" without offering any legitimate removal reason, serves no purpose other than to harass the Trustee in violation of Rule 9011(b)(1); the Trustee's Complaint not only was not frivolous, but was incumbent on him to file in furtherance of his fiduciary duties; additionally, even if the Court dismisses the Trustee's claims that is no basis to remove a trustee from a case and, thus, effectually removing him from all cases.

27. The fact that an overly zealous -- wholly invalid -- and unpredictable defense may cause the expenditures of a great deal of time to address that defense, must not dissuade a trustee from discharging his fiduciary duties to initiate and pursue a claim on behalf of an estate.

28. Bevilacqua seeks to thwart the Trustee's administration of the Debtor's estate and, thereby, pervert the bankruptcy system by bringing, and then refusing to withdraw, the Counterclaims and, thus, delay the administration of this case; this improper and intentional dilatory tactic by Bevilacqua is in violation of Rule 9011(b)(1) and is detrimental to the interest of the Debtor's estate and its creditors.

29. Bevilacqua's failure to withdraw the Counterclaims and assert improper claims without leave of this Court has also needlessly increased, and continues to increase, the costs of litigation.

30. **Bevilacqua Counterclaims are not "warranted by existing law" in violation of Rule 9011(b)(2) because**:

(a) there is no legal basis to seek removal of the Trustee under § 324 of the Bankruptcy Code for filing the Complaint; and

(b) Bevilacqua is barred from filing claims against the Trustee without seeking leave of the Court (see the *Barton Doctrine* discussed below).

31. Notwithstanding the fact that Bevilacqua is not an attorney and, thus, might not have knowledge of §324 of the Bankruptcy Code and the *Barton Doctrine*, Bevilacqua admitted that he had consulted an attorney in connection with the drafting of his Counterclaims, but he refused to provide the name of the attorney to the Court, even though the Court inquired more than once.

32. Ghost-writing by an attorney of a pro se litigant "has been condemned as a deliberate evasion of the responsibilities imposed on counsel by Rule 11. . . ." Johnson v. Bd. of County Comm'rs, 868 F. Supp. 1226, 1231-32 (D. Colo. 1994), aff'd as modified, 85 F.3d 489 (10th Cir. 1996). In Duran v. Carris, 238 F.3d 1268, 1272 (10th Cir. 2001), the court stated that:

> The practice of undisclosed ghostwriting might be particularly problematic in light of the special leniency afforded pro se pleadings in the courts. This leniency is designed to compensate for pro se litigants' lack of legal assistance. Thus, if courts mistakenly believe that the ghostwritten pleading was drafted without legal assistance, they might apply an unwarranted degree of leniency to a pleading that was actually drafted with the assistance of counsel. This situation might create confusion for the court and unfairness toward opposing parties. It is therefore likely that the failure to disclose ghostwriting assistance to courts and opposing parties amounts to a failure to "disclose a material fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client," which is prohibited by Model Rule 3.3. Undisclosed ghostwriting would also likely qualify as professional misconduct under Model Rules 8.4(c) and (d), prohibiting conduct involving a misrepresentation, and conduct that is prejudicial to the administration of justice, respectively.

33. Thus, it is Bevilacqua who must be held accountable for violating the *Barton Doctrine* by bringing claims (false ones at that!) against the Trustee without seeking leave of the Court. Barton v. Barbour, 104 U.S. 126, 131 (1881); Vass v. Conran Bros. Co., 59 F.2d 969, 970 (2d Cir. 1932); Lebovits v. Scheffel (In re Lehal Realty Associates), 101 F.3d 272, 276 (2d Cir. 1996).

34. As the Court stated at the Hearing, part of the Trustee's duties was to file the Complaint against Bevilacqua in order to recover funds for the benefit of the Debtor's creditors; thus, there is no legal basis to remove the Trustee under §324 of the Bankruptcy Code or to assert a $1.2 million claim against the Trustee. Moreover, given the fact that even after the Court at least twice explained the Trustee's duties to Bevilacqua, Bevilacqua persisted in refusing to withdraw his Counterclaims, which were not warranted by existing law - - and he continues to persist.

35. **Bevilacqua's Factual Contentions Lacked "Evidentiary Support" in Violation of Rule 9011(b)(3) because:**

(a) there is no factual basis with any "evidence to support" a finding that the "case was filed [by the Trustee] for purposes of willful and malicious injury to the debtor and debtor's ex-husband";

(b) there is no factual basis with any "evidence to support" to seek removal of the Trustee under § 324 of the Bankruptcy Code for filing the Complaint;

(c) there is no factual basis with any "evidence to support" a finding that Bevilacqua is entitled to exemplary damages in the sum of $1.2 million against the Trustee for filing the Complaint, even if properly pleaded.

36. As stated herein, Bevilacqua's frivolous and false and feckless allegations are sanctionable under Rule 9011(b)(3) inasmuch as no reasonable person would have leveled allegations such as Bevilacqua made in paragraphs 32 and 34 of the Counterclaims (see ¶9 above) against the Trustee for the very reason that they are false and, certainly, not before first reviewing the public records and mortgage information (set forth in detail below) regarding the Property upon

which the Complaint was based. Rule 11 requires that Bevilacqua, before filing his Counterclaims, "conduct a reasonable inquiry into the factual and legal bases" of said claims. Sieverding, 2003 U.S. Dist. LEXIS 18469, at *49.

> 37. **Bevilacqua's Denials of Factual Contentions are not "Warranted on the Evidence" in Violation of Rule 9011(b)(4) because**
>
> (a) Debtor's credit report and the public records regarding the Property show that the Property had equity at the time of the Transfer; and
>
> (b) the October 2012 deed in connection with the transfer of a one-half interest in the Property to Bevilacqua does not state that said transfer was for any consideration.

38. The Complaint against Bevilacqua is supported by sufficient factual detail in the form of references to: (i) the Debtor's Petition and Schedules; (ii) mortgage(s) on the Property; (iii) New York City Market Value Report regarding the Property; and (iv) New York City Department of Finance, Office of the Register, which more than adequately set forth viable prima facie claims for the avoidance of the Transfer by the Debtor to Bevilacqua, and the sale of the Property. They set forth "enough facts to state a claim for relief that is plausible on its face." Patane v. Clark, 508 F.3d 106, 111-112 (2d Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)).

39. Moreover, as Judge Lifland observed in Picard v. Chais (In re Bernard L. Madoff Inc. Secs. LLC), 2011 Bankr. LEXIS 606, *14, *15 (S.D.N.Y. Feb. 24, 2011), courts have found that "[g]reater liberality in the pleading of fraud is particularly appropriate in bankruptcy cases . . . it is often the trustee, a third party outsider to the fraudulent transaction, that must plead the fraud on secondhand knowledge for the benefit of the estate and all of its creditors." Sec. Investor Prot. Corp. v. Stratton Oakmont, Inc., 234 B.R. 293, 310 (Bankr. S.D.N.Y. 1999) (citing Atlanta Shipping

Corp. Inc. v. Chem Bank, 631 F. Supp. 335, 348 (S.D.N.Y. 1986), aff'd 818 F.2s 240 (2d Cir. 1987)).

40. Furthermore, where, as in this case, the Trustee has been appointed subsequent to the occurrence of transactions identified in his Complaint, and accordingly, does not have firsthand knowledge of those events and has not yet had the opportunity to take discovery, the Trustee should be afforded even more leeway in his pleadings, cf., In re Everfresh Beverages, Inc., 238 B.R. 558 (Bankr. S.D.N.Y. 1999).

41. Here, the documents referenced in the Complaint case clearly show that:

(a) Bevilacqua received a fraudulent transfer with respect to the Property inasmuch as the October 2012 deed in connection with the transfer of a one-half interest in the Property to Bevilacqua does not state that said transfer was for any consideration;

(b) as of the Petition Date, Bevilacqua owned a one-half interest in the Property; and

(c) there was equity in the Property at the time of the Transfer.

42. The Trustee and the Court afforded Bevilacqua at least four (4) opportunities to withdraw the Counterclaims at the Hearing and by his December 17, 2015 letter; however, Bevilacqua, refused - - and continues to refuse - - to do so. Accordingly, the Trustee advised Bevilacqua that the Trustee would seek sanctions under Rule 9011.

### THE TRUSTEE HAS COMPLIED WITH THE PROCEDURAL REQUIREMENTS SET FORTH IN BANKRUPTCY RULE 9011(c)(1)(A)

43. Rule 9011(c)(1)(A) sets forth the manner in which a party may seek sanctions for violations of the rule. That subsection provides, *inter alia*, that, "[a] motion for sanction may not be filed with or presented to the court unless, within 21 days after service of the motion...., the challenged paper, claim defense, contention, allegation, or denial is not withdrawn or appropriately corrected[.]" Rule 9011(c)(1)(A). The purpose of this requirement is to afford counsel a "safe

harbor" to withdraw the papers complained of and to avoid sanctions.  (See 10 Collier on Bankruptcy ¶9011.06[1][b] (15th ed. 2003)).

44. In the instant case, the Trustee, on January 8, 2016, served the extant theretofore unfiled Rule 9011 sanctions motion (the "Trustee's Sanctions Motion"), which clearly sets forth the bases for the imposition of sanctions under Rule 9011.  The Trustee's Sanctions Motion put Bevilacqua on notice of the consequences if he did not withdraw his Counterclaims; and Bevilacqua chose not to.  Because the Trustee's Sanctions Motion (i) amply notified Bevilacqua that his continued prosecution of the Counterclaims violated Rule 9011, and (ii) afforded Bevilacqua the 21-day "safe harbor" to withdraw his motion to avoid sanctions, the Trustee's Sanctions Motion satisfies the requirements of Rule 9011(c)(1)(A) and the Court, therefore, should hear the Trustee's Sanctions Motion.

### PURSUANT TO BANKRUPTCY RULE 9011(c)(2), ONLY A MEANINGFUL  MONETARY SANCTION WILL DETER SIMILAR MISCONDUCT BY BEVILACQUA

45. Pursuant to Rule 9011(c)(2), the Court's determination of the type of sanctions to be imposed is discretionary.  Rule 9011(c)(2) states that sanctions "shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." The sanctions may include an Order directing payment to the movant of some or all of the reasonable attorney's fees and other expenses incurred as a direct result of the violation.

46. The advisory committee Note to Rule 9011 suggests various factors for consideration by the Court:

- whether the improper conduct was willful or negligent;
- whether it was part of a pattern of activity or an isolated event;
- whether it infected the entire pleading or only on particular count or defense;
- whether the person has engaged in similar conduct in other litigation;
- whether it was intended to injure;

- what effect it had on the litigation process in time or expense;
- what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case;
- what amount is needed to deter similar activity by other litigants.

Collier on Bankruptcy, ¶9011.07[1] (15th ed. 2003).

47. In this case, the majority of these factors weighs in favor of imposing a meaningful sanction against Bevilacqua. Bevilacqua's conduct has been willful and spiteful in his attack on of the Trustee. Once Bevilacqua's refused to withdraw the Counterclaims, he compounded these improprieties such that they became not isolated events but, rather, a pattern on his part. Clearly, Bevilacqua intends to injure the Trustee and the Debtor's estate through his needless litigation, his intentional violation of the *Barton Doctrine* by asserting a $1.2 million claim against the Trustee, his frivolous claim to remove the Trustee under §324 of the Bankruptcy Code, and his false statements and dilatory tactics.

48. Bevilacqua's Counterclaims also have greatly increased administrative expenses. Given the Court's comments at the Hearing, Bevilacqua should have known that the Complaint was well-pleaded and that the Counterclaims should have been withdrawn. But Bevilacqua, despite repeated intimations by the Court, refused to do so. Only a significant monetary sanction will deter repetition of such conduct.

49. As of this date, the Law Offices of Robert L. Geltzer has expended approximately over $15,000.00 of legal fees and costs in drafting a reply to the Counterclaims and drafting the instant motion. The Trustee respectfully requests that Bevilacqua reimburse the Law Offices of Robert L. Geltzer in the total amount of $15,000.00.

## **CONCLUSION**

50. For all, or even any one of the above reasons, Bevilacqua should be sanctioned.

Bevilacqua's frivolous Counterclaims and his refusal to withdraw them, despite being given no fewer than three opportunities to do so, was, and is, not "reasonable under the circumstances." In determining whether Rule 9011 has been violated, the court must apply the "reasonableness under the circumstances" standard. See Business Guides, Inc. v. Chromatic Communications Enterprises, Inc., 498 U.S. 533, 534 (1991). Furthermore, Bevilacqua "is not shielded from a finding that he violated Rule 11 by virtue of his having brought this action *pro se*." Golyar v. McCausland, 738 F. Supp. 1090, 1098 (W.D. Mich 1990).

51. Accordingly, the Trustee respectfully requests that the within motion for sanctions pursuant to Rule 9011 be granted, and that the Court afford such other relief as it deems just and equitable.

Dated: New York, New York
January 8, 2016

> Respectfully Submitted,
> The Law Offices of
> ROBERT L. GELTZER,
> Counsel to the Chapter 7 Trustee
>
> By:/s/Robert L. Geltzer
>    Robert L. Geltzer