# H  V

## HANNA & VLAHAKIS
### LAW OFFICES
**7504 Fifth Avenue**
**Brooklyn, NY 11209**
**phone/fax 718.680.8400**
**hvlawoffices@gmail.com**

**Derrick Hanna***
**Donna Vlahakis****
**Mark Hanna****

*Member of New York*
*and Michigan Bars*
***Member of New York*
*and New Jersey Bars*

RESPOND TO BROOKLYN OFFICE

**New Jersey Office:**
**8 West Main Street**
**Farmingdale, NJ**

April 12, 2016

Honorable Nancy Hershey Lord
United States Bankruptcy Judge
United States Bankruptcy Court
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York  11201

Re: In re Joanne D. Schulter, a/k/a Joanne D. Bevilacqua
    Chapter 7 Case #: 14-43538 (NHL); Adv. Pro. #: 15-01176 (NHL)

Dear Judge Lord:


This firm represents Anthony Bevilacqua, Defendant in the above referenced Adversary Proceeding. This letter is in response to the letter by Plaintiff's counsel dated April 11, 2016.

In his letter, Plaintiff's counsel refers to counterclaims posited in the original pro-se answer that has since been amended, striking all of the original "scandalous" counterclaims. Questions regarding claims that have been withdrawn are not material to the case at hand. Your honor directed that the attorneys be limited only to matters that are material to the case.

Plaintiff's counsel badgered and harassed Defendant at the deposition by asking numerous questions concerning Defendant's pro se answer.  Specifically Defendant was asked for the name of the person who helped him prepare his pro se answer. Also,

whether Defendant knew "Ferris Turner".  Defendant answered that he did not know this person yet Plaintiff's attorney proceeded to ask this question six more times.

By asking questions about claims not in the Defendant's amended answer, it is this firm's position that the questioning was being "conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." See, Rule 30(d)(3)(A) of the Federal Rules of Civil Procedure, made applicable to the adversary proceeding by Rule 7030 of the Federal Rules of Bankruptcy Procedure.  Defendant answered all Plaintiff's relevant questions.  Furthermore, Defendant was not put on notice that the deposition was going to be used to attempt to bolster Plaintiff's frivolous motion for sanctions.

Unfortunately, it appears that the Plaintiff is attempting to rack up unnecessary attorney fees and it is not clear what, if any, benefit there would be to the creditors, in the unlikely event Plaintiff succeeds in his claims.

The Defendant informed me that when he was in court pro se, he offered to discuss settlement with Mr. Geltzer and Mr. Geltzer refused to talk to Defendant.   I myself have tried twice already to begin settlement negotiations with Plaintiff's counsel. I have offered a more than generous settlement considering the $18,000 debt.  However, I have been told that Mr. Geltzer is not amenable to settling.

Very truly yours,


Derrick Hanna, Esq.