Law Offices Of
# ROBERT L. GELTZER
1556 Third Avenue
New York, New York 10128
(212) 410-0100

Facsimile (212) 410-0400

May 2, 2016

Honorable Nancy H. Lord
United States Bankruptcy Court
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

    Re:    **Joanne D. Schulter a/k/a Joanne D. Bevilacquia - Case No. 14-43538 (NHL)**
             **Robert L. Geltzer v. Antonio Bevilacqua - Adv. Pro. No. 15-01176 (NHL)**

Dear Judge Lord:

    The Bankruptcy Rules, the Court's Rules, and Your Honor's Rules, orders and directives must mean something.

    Because I know that that is the case, I shall not respond to Mr. Hanna's ("Hanna") April 25, 2016 13 sheets of paper [ECF 36] (sometimes referred to as "Hanna's Sheets"[1]), replete with irrelevancies, inaccuracies, and outright lies,[2] and, furthermore, never served on me. Neither I nor the estate, nor, indeed,

---

[1]    Hanna's 13 sheets of paper should not be dignified as a "pleading" in that there was nothing to which he could respond, the time for which had elapsed and the Court offered-extension was rejected; however, Hanna's Sheets are, nevertheless, violative of Rule 9011 and are sanctionable because: they are "paper[s] ... caus[ing] ...unnecessary delay or needless increase in the cost of litigation; ... [assert] claims, defenses, and other legal contentions ... [not] warranted by existing law or by a nonfrivolous argument ... [,contain] ... allegations and other factual contentions [that] have [no] ... evidentiary support ... [and contain] ... factual contentions ... [not] warranted on the evidence."

    Thus, I offer Hanna five (5) days from the date hereof to withdraw in writing, Hanna's Sheets or he is advised that if he does not do so, I shall then serve him with a Rule 9011 sanctions motion.

[2]    For example, in paragraphs 4 through 6, Hanna states that the Debtor's undated letter to the Trustee (Exhibit A to Hanna's papers) was sent after 341 meeting and prior to the commencement of the instant adversary proceeding - - that is not true. The Debtor's letter was sent to me in January 2016 - - 17 months after the 341 meeting and over 3 months after the commencement of the instant adversary proceeding. But Hanna shamelessly tries to convince Your Honor otherwise. The falsity of Hanna's statement is confirmed by the fact that the Debtor lists the adversary proceeding number on her letter, which would have been impossible if the letter, as Hanna states, had been sent after the 341 meeting and prior to the commencement of the instant adversary proceeding.

    Hanna perpetuates his false statements to this Court in paragraph 25 of Hanna's Sheets, wherein Hanna states: "[t]hese demands were drafted by an associate not fully familiar with the case who used demands usually

the Court should be put to the time and trouble to do so. Hanna's Sheets should be entirely disregarded and in no way considered by the Court in rendering its decision on my *sub judice* Motion to Sanction Antonio Bevilacqua ("Bevilacqua") under Rule 11 (the "Motion") [ECF 14].

The Motion was served and filed on February 3, 2016. The Defendant's time to respond to the Motion expired on March 3, 2016, without any response from Bevilacqua. Nevertheless, at the April 14, 2016 hearing, the Court, while cognizant of my anticipated objection, in its graciousness, and notwithstanding Hanna's forty minute late arrival, offered him an opportunity to respond to the Motion. Hanna explicitly rejected the Court's offer! He even mocked a case cited in the Motion because, he said, it was from Colorado.

Now: 87 days beyond Rule 11's, 21 day safe harbor provision, comes Hanna with hat in hand and Hanna's Sheets to try to represent his client -- and himself -- none of which should the Court consider.

If, however, for some reason the Court should decide to consider Hannah's Sheets, I respectfully submit, that doing so will render the Bankruptcy Rules, the Court's Rules, and Your Honor's Rules, orders and directives nullities, and in such a case, I reserve all my rights to appeal any such decision and reply seriatim to each and every one of Mr. Hanna's irrelevant, inaccurate, feckless, and mendacious statements.

Sincerely and respectfully,

/s/ Robert L. Geltzer

Robert L. Geltzer

RLG:ayh

cc: Robert A. Wolf, Esq., Mark E. Bruh, Esq., ECF Clerk, Derrick Hanna, Esq.

---

intended for adversary cases related to credit cards." That associate, if he did in fact draft the demands, upon information and belief, is Hanna's son, Mark Hanna ("Mark"). But Mark did not sign those discovery demands -- Hanna did (original signature, not electronic signature). Furthermore, as set out below, those demands have <u>nothing to do with credit card cases</u>, but, instead, with Hanna's continuing crusade in attacking me:

> (1) Copies of any and all complaints filed against Robert L. Geltzer with but not limited to, any US Trustee Office, Department of Justice or Grievance Committee; (2) Evidence of all efforts to determine whether or not a valid case existed against Defendant prior to filing suit; (3) Copy of the Debtor's 341 meeting tape recording and transcription thereof; (4) Documentary proof of all settlement efforts made by Robert L. Geltzer or anyone on his behalf (5) Proof of Chain of Custody of 341 meeting tape recording.

Clearly, paragraphs 4, 5, 6 and 25 of Hanna's Sheets are willfully false statements made to the Court in violation of Rule 3.3(a)(1) of the New York Rules of Professional Conduct, 22 NYCRR § 1200, which states: "A lawyer shall not knowingly make a false statement of fact or law to a tribunal. . . ."